# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5510 | **DATE** | September 1, 2011 |
| **CASE TITLE** | Clifford Roberts (#R-24748) vs. Hardy Rosenthall, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $38.92 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The complaint is dismissed on initial review as to Defendants Hardy and Ramos pursuant to 28 U.S.C. § 1915A; Plaintiff's official capacity and false discipline claims are likewise dismissed on preliminary review. The Clerk is directed to issue summonses for service Defendants Rosenthall, Williams, and Gosh (or Ghosh) by the U.S. Marshal. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied, without prejudice. **The Marshal is directed to follow the special service instructions set forth in this order.**

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Stateville Correctional Center, violated Plaintiff's constitutional rights by using excessive force against him, by acting with deliberate indifference to his injuries, and by subjecting him to false disciplinary action to cover up their malfeasance.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $38.92. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable federal causes of action against Officer Rosenthall and prison health care providers. If Officer Rosenthall resorted to force "not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm,'" then he may be liable under 42 U.S.C. § 1983. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009), quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Furthermore, neither correctional officials nor health care providers may act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Although a more fully developed record may belie Plaintiff's allegations, Defendants Rosenthall, Gosh, and Williams must respond to the complaint.

However, the complaint is dismissed on initial review as to administrative officials Hardy and Ramos. Plaintiff has alleged no facts suggesting the direct, personal involvement of either the warden or the assistant warden, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violations of his constitutional rights occurred at those Defendants' direction or with their knowledge and consent. *Id.* The Civil Rights Act creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Plaintiff's false discipline and official capacity claims are also dismissed on preliminary review. The Eleventh Amendment bars suits for damages against state employees in their official capacities. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). In addition, Plaintiff cannot challenge a disciplinary conviction by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgments in prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 644-45 (1997). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490.

For the foregoing reasons, Plaintiff may proceed against Defendant Hardy Rosenthall in his individual capacity on the excessive force claim, and against Defendants Williams and Gosh in their individual capacities on his Eighth Amendment medical claim. The complaint is summarily dismissed as to all other claims and Defendants.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

      The Clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve Defendants Rosenthall, Williams, and Gosh. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. The Court presumes that the individual identified as "H. Gosh" is actually retired physician Partha Ghosh. As Ghosh is now retired, the Marshal should contact Richard A. Tjepkema (Charysh & Schroeder, Ltd.), (312) 372-8338 to make service arrangements for Ghosh. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Finally, Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district Court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether Plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

      After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, whose initial submissions are coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude **(CONTINUED)**

| STATEMENT (continued) |
|---|
| in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request. |