UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD ROBERTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11 C 5510 ) |
| | ) Judge Sara L. Ellis |
| HARDY ROSENTHALL, L. WILLIAMS, and H. GOSH, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Clifford Roberts, a prisoner at Stateville Correctional Center ("Stateville"), was involved in an altercation with a prison guard, Hardy Rosenthal, that Roberts claims resulted in back and neck injuries. He filed this civil rights action pursuant to 42 U.S.C. § 1983 against Rosenthal for excessive force. He also brought a deliberate indifference claim against Parthasarathi Ghosh, M.D. and Latonya Williams, P.A., Stateville medical staff members who treated Roberts for his back and neck pain. Before the Court is Dr. Ghosh and Williams' motion for summary judgment on Roberts' deliberate indifference claim.[1] Because the Court finds that Roberts has not presented evidence sufficient to create a genuine dispute as to whether Dr. Ghosh or Williams acted with deliberate indifference to his medical needs, their motion [96] is granted.

---

[1] Rosenthal has not moved for summary judgment, and Roberts' claim against him is currently scheduled to proceed to trial.

## BACKGROUND[2]

On August 14, 2009, Roberts was involved in an altercation with Rosenthal, an Illinois Department of Corrections ("IDOC") correctional officer. That same day, Roberts filed a grievance related to the altercation, but that grievance made no mention of his need for medical care. On August 18, 2009, Roberts filed an additional grievance specifically related to medical treatment. In that grievance, he stated that he had been constantly seeking treatment for constant back and neck pain since the August 14 altercation but had not yet been sent to the health care unit. The grievance indicates that Roberts' counselor sent the August 18 grievance and related documents directly to the grievance officer. No further response related to the August 18 grievance is in the record.

On August 26, 2009, Roberts wrote a letter addressed to "healthcare" in which he again complained of a stiff neck and back. He wrote a similar letter on August 29, 2009, complaining of being in constant pain. On August 30, 2009, Roberts saw a medical technician who, upon hearing Roberts' complaints of back and neck pain, scheduled Roberts to see a physician. On September 3, Roberts saw Dr. Ghosh, who at the time was the Medical Director at Stateville. Dr. Ghosh performed a physical examination. He found no external injury or neurological deficits and noted that Roberts' range of motion was normal. Dr. Ghosh diagnosed Roberts with a back sprain and prescribed a muscle relaxer, Robaxin, for Roberts to take three times a day for ten days. Dr. Ghosh also told Roberts to follow up with an in-house doctor.

---

[2] The facts set forth in this section are derived from the statements of fact submitted by the parties to the extent they comport with Local Rule 56.1. They are taken in the light most favorable to Roberts, the non-movant. The Court has considered the parties' objections to the statements of fact and supporting exhibits and included in this background section only those portions of the statements and responses that are appropriately presented, supported, and relevant to resolution of the pending motion for summary judgment.

On November 1, 2009, Roberts wrote a letter to Dr. Ghosh stating that the pain medicine Dr. Ghosh prescribed "did nothing to alleviate the pain" and that he continued to be in constant and severe pain. Pl.'s Stmt. of Addl. Facts ¶ 8. Two days later, Roberts saw Williams, a physician's assistant at Stateville, regarding discomfort at the base of his neck and in his lower back. Roberts reported that his pain did not cause him problems sleeping. Williams performed a physical exam. Her notes reflect that Dr. Ghosh had previously prescribed muscle relaxers that had been ineffective. She thus prescribed Motrin and a different muscle relaxer, Flexeril.

On February 3, 2010, Roberts filed a grievance stating that he ran out of pain medicine on December 12, 2009 and had been in pain since. About a year later, on January 28, 2011, Roberts again complained of back pain to a certified medical technician at Stateville, who gave him Tylenol. On April 11, 2011, Roberts injured himself while playing basketball and was taken to the health care unit for treatment. He was diagnosed with a lumbar strain and discharged the next day with Motrin. No x-rays were taken at that time.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue

for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

### I. Exhaustion of Administrative Remedies

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("Unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred."). The exhaustion requirement is intended to "alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Although no exact test has been laid out for determining when a remedy is "unavailable," a prisoner's claim will not be dismissed where "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, placing the burden on Dr. Ghosh and Williams to demonstrate that Roberts did not seek the administrative remedies available to him. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

4

In Illinois, prisoners are required to file a written grievance within 60 days of the incident giving rise to the grievance. 20 Ill. Admin. Code 504.810(a). The grievance is to "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject or of who is otherwise involved in the complaint." 20 Ill. Admin. Code 504.810(b). If the grievance is denied, the inmate must file an appeal with the IDOC Director within 30 days. 20 Ill. Admin. Code 504.850(a).

Dr. Ghosh and Williams argue that Roberts did not exhaust his deliberate indifference claims against them because he did not file any grievance specifically naming them or discussing their care of him. Roberts argues that his August 18, 2009 grievance is sufficient. He contends that even though that grievance did not specifically name Dr. Ghosh or Williams, it complained that his requests for medical treatment for his neck and back pain were being ignored by the Stateville medical staff, of which Dr. Ghosh and Williams formed a part, and thus put them on notice of the issues raised in this suit.

Recently, the Seventh Circuit clarified that exhaustion does not require the filing of multiple grievances if the same prison condition or policy is continuing but that separate grievances must be filed if the complaints are different. *Turley*, 729 F.3d at 650. Deliberate indifference to an ongoing medical condition is a continuing violation. *Jervis v. Mitcheff*, 258 F. App'x 3, 5–6 (7th Cir. 2007). Thus, because Roberts' deliberate indifference claims relate to treatment for back and neck pain arising from his August 14, 2009 injury, he was not required to file multiple grievances after every instance in which he claims treatment was not provided, was lacking, or failed. *See Plummer v. Wexford Health Sources, Inc.*, No. 11-cv-0682-MJR-SCW, 2014 WL 321531, at *5 (S.D. Ill. Jan. 29, 2014) (claim of deliberate indifference was not limited to a specific time period but rather encompassed an ongoing pattern of denial of medical care);

*Meeks v. Suliene*, No. 11-C-0054, 2012 WL 5985482, at *3 (E.D. Wis. Nov. 29, 2012) (claim of deliberate indifference constituted a continuing violation where it "stem[med] not from individual isolated incidents, but from the alleged inadequacy of care provided by the Defendants between 2008 and 2010"). His August 18 grievance, even though it did not specifically mention Dr. Ghosh or Williams and was filed before their specific involvement in Roberts' care, therefore sufficed to put prison officials on notice of Roberts' medical complaints and provide them with an opportunity to take corrective action. *See Goldtooth v. Szoke*, No. 12-cv-0246-MJR-SCW, 2014 WL 183910, at *3 (S.D. Ill. Jan. 16, 2014) ("Defendants were alerted to the problems at the center of this lawsuit, they were invited to take corrective action, and Plaintiff adhered to the procedures established by the BOP. That is all the PLRA requires.").

Dr. Ghosh and Williams also suggest that the August 18 grievance is not sufficient because Roberts did not properly pursue it through the established appeal process. They do not develop this argument, however, and thus the Court need not consider it. *See United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006) ("[P]erfunctory and undeveloped arguments . . . are waived." (quoting *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000))). Nor is it Roberts' burden to demonstrate that the grievance was fully pursued. *See Jones*, 549 U.S. at 216. Because Dr. Ghosh and Williams did not carry their burden on exhaustion, the Court will proceed to address the merits of Roberts' deliberate indifference claim.

## II. Deliberate Indifference

Prison officials violate the Eighth Amendment when they exhibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference claims include both an objective and subjective component, both of which must be satisfied in order for a plaintiff to prevail. *Greeno v. Daley*,

6

414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, Roberts must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). Roberts may satisfy the subjective component by showing that Dr. Ghosh and Williams knew of and disregarded an excessive risk to his health, acting with a "sufficiently culpable state of mind." *Id.* (quoting *Farmer*, 511 U.S. at 834).

A. **Objectively Serious Medical Condition**

Dr. Ghosh and Williams first argue that Roberts did not suffer from an objectively serious medical condition. An objectively serious medical condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.* Although "every ache and pain or medically recognized condition involving some discomfort" will not support a deliberate indifference claim, "chronic and substantial pain" has been found to qualify. *Gutierrez v. Peters*, 111 F.3d 1364, 1372–73 (7th Cir. 1997) (citation omitted) (internal quotation marks omitted). Specific to Roberts' claims, back pain may be considered objectively serious, though the determination is fact-dependent. *See id.* at 1371 (noting that in *Estelle*, the Supreme Court "never questioned that the inmate's allegations of severe pain from his back injury were sufficiently serious to support his Eighth Amendment claim"); *Hood v. Jefferson*, No. 10 C 4183, 2012 WL 3308684, at *3 (N.D. Ill. Aug. 10, 2012) (finding that the summary judgment evidence demonstrated that the back condition at issue was not a serious one but noting that back pain could qualify as a serious medical condition under certain circumstances). The Seventh Circuit's recent decision in *Brown v. Darnold*, on which Dr. Ghosh and Williams rely, does not suggest otherwise; there, the court did not hold that back pain can never constitute an objectively serious

7

condition, but instead found the allegations of back pain combined with a delay of several hours in providing a pain reliever did not amount to an Eighth Amendment violation. 505 F. App'x 584, 587 (7th Cir. 2013). That conclusion goes more to the subjective requirement of deliberate indifference and is not pertinent here. *See id.* ("A deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation.").

Dr. Ghosh and Williams maintain that Roberts' back and neck pain falls into the category of "aches and pains" not cognizable under the Eighth Amendment. They rely on Dr. Ghosh's diagnosis of a back sprain requiring merely a muscle relaxer, which they contend must have been effective because Roberts did not complain further to medical staff of back and neck pain for two months. They also rely on Roberts' reports to Williams that he did not have issues sleeping and the fact that he was able to play basketball in April 2011, over a year and a half after the altercation giving rise to his injuries. Roberts, on the other hand, relies on letters he wrote between August and November 2009 in which he complained of a stiff neck and back, that he was in constant pain, and that the pain medicine prescribed by Dr. Ghosh was not working. Given this disagreement as to whether Roberts had chronic pain or only suffered from discomfort, the Court finds an issue of fact exists that must be resolved by the jury. *See Walker v. Zunker*, 30 F. App'x 625, 627–28 (7th Cir. 2002) (finding question of fact as to whether prisoner's reports of back pain were sufficiently serious where evidence included prisoner complaints of pain, physical therapy report notes of severe back pain, and statement that prisoner was able to play basketball on at least one occasion).

### B.  Culpable State of Mind

Assuming that Roberts' back and neck pain qualifies as a serious medical condition, the subjective component of Roberts' deliberate indifference claims requires him to present facts

8

from which a jury could find that Dr. Ghosh and Williams knew of, but intentionally or recklessly, disregarded his back and neck pain. *Greeno*, 414 F.3d at 653. That Roberts received some treatment does not necessarily defeat his claim; deliberate indifference can be shown by "blatantly inappropriate" treatment, *id.* at 654, or by "woefully inadequate action," *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). The standard is higher than mere negligence, and medical malpractice or disagreement with a doctor's medical judgment is not enough. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

All that Roberts has proffered, however, is his disagreement with Dr. Ghosh's and Williams' treatment decisions. Dr. Ghosh examined Roberts, diagnosed a back sprain, prescribed a muscle relaxer, and told Roberts to follow up with an in-house doctor. Roberts has not set forth any evidence to call into question whether Dr. Ghosh exercised reasonable judgment in his treatment plan based on the symptoms he observed. *See Arnett v. Webster*, 658 F.3d 742, 758–59 (7th Cir. 2011) (although the doctor's treatment may not have been "the most appropriate," prisoner had not presented evidence that would create "a reasonable inference that [the doctor's] treatment . . . was so inadequate that it demonstrated an absence of professional judgment"); *Gayton v. McCoy*, 593 F.3d 610, 622–23 (7th Cir. 2010) ("Deliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." (quoting *Estate of Cole v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996))). Although Roberts argues that the muscle relaxer did not work, relying on the letter he wrote to Dr. Ghosh two months after seeing him stating so, there is no evidence that Dr. Ghosh received this letter. Moreover, mere disagreement with the medicine he was given is insufficient

to demonstrate deliberate indifference. *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1024 (7th Cir. 1996) ("[Plaintiff's] disagreement with the selection of medicine and therapy falls well short of demonstrating deliberate indifference to a serious medical need."). Further, his complaints about the muscle relaxer Dr. Ghosh prescribed were addressed promptly thereafter when Williams saw Roberts two days later and prescribed a different medication. Roberts also tries to create a genuine issue of fact by highlighting Dr. Ghosh's deposition testimony of how he treated patients with chronic back pain. But because Dr. Ghosh diagnosed Roberts with merely a back sprain that did not require the same type of care as an individual with chronic back pain, the type of care Dr. Ghosh afforded those with chronic back pain is irrelevant here. Because Roberts has not demonstrated a genuine dispute as to whether Dr. Ghosh exhibited deliberate indifference to his neck and back pain, summary judgment is granted for Dr. Ghosh.

The same analysis applies to Williams' treatment of Roberts. Roberts has not presented any facts that would raise an inference that Williams' decision to prescribe a different muscle relaxer, after a complete physical exam, was such a departure from accepted professional judgment to constitute deliberate indifference. Although Williams was aware that Roberts claimed the muscle relaxer Dr. Ghosh prescribed him did not work, her decision to prescribe him a different muscle relaxer in addition to Motrin is not evidence of deliberate indifference for she did not continue on the same course but instead tried a different medication. *See Drago v. Winnebago County Jail Staff*, No. 12 C 50116, 2013 WL 6512479, at *4 (N.D. Ill. Dec. 11, 2013) ("The fact that plaintiff wanted medical personnel to perform additional tests or prescribe different medication does not establish the subjective element for a deliberate indifference claim."). Additionally, as Williams notes, the fact that Roberts' February 3, 2010 grievance stated that he had been in pain ever since he had run out of the pain medication Williams had

10

prescribed suggests that that pain medication had at least some effect in alleviating his pain. Roberts has not presented evidence of further interactions with Williams that would suggest that she was aware that her prescribed course of treatment was ineffective, nor has he introduced evidence that would support a finding that he was entitled to a higher level of care the one time Williams did treat him. Thus, Williams is also entitled to summary judgment on Roberts' deliberate indifference claim against her.

## CONCLUSION

For the foregoing reasons, Dr. Ghosh and Williams' motion for summary judgment [96] is granted. Judgment is granted in favor of Dr. Ghosh and Williams on Roberts' deliberate indifference claims.

Dated: April 9, 2014

_____
SARA L. ELLIS
United States District Judge